IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,    )
    )
    )
   -vs-    )
    )    Criminal No. 94-221
THOMAS PRICE,    )
    Defendant.    )


<u>MEMORANDUM ORDER</u>

CONTI, District Judge.

Pending before the court is a motion to modify or reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 296) filed by defendant Thomas Price ("defendant"). Upon reviewing defendant's motion, the government's response in opposition to defendant's motion for reduction of sentence (Doc. No. 297), defendant's rebuttal (Doc. No. 298), and the government's response to defendant's rebuttal (Doc. No. 301), the court will DENY defendant's motion for the reasons set forth herein.


*Background*

On November 10, 1994, a federal grand jury returned an indictment charging defendant with armed bank robbery, in violation of 18 U.S.C. § 2113(d), and the use of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). (Doc. No. 52.) A jury trial was held and, on February 18, 1995, the jury returned a verdict of guilty with respect to both counts. (Doc. No. 159.)

Prior to defendant's sentencing, the court issued tentative findings and rulings concerning disputed facts or factors. (Doc. No. 188.) The court noted that defendant had two prior convictions in 1986. The first offense committed by defendant occurred on February 6, 1986, when defendant seized the purse of a store patron. Defendant was arrested for this offense on March 16, 1986 and pleaded guilty to one count of robbery in the Court of Common Pleas of Allegheny County on September 10, 1986. (*Id.*) Subsequent to the March 16, 1986 arrest, defendant was placed on bond and released. (*Id.*) The second offense, which occurred on May 26, 1986, involved the armed robbery of a tavern bartender and several patrons. For this offense, defendant was arrested on May 29, 1986, and pleaded guilty before the same Allegheny County Court of Common Pleas judge on October 30, 1986. (*Id.*)

As defendant had been arrested for felonies on two previous occasions and subsequently convicted, defendant was determined to be a career offender pursuant to section 4B1.1 of the United States Sentencing Guidelines (the "Sentencing Guidelines" or "guidelines"). Based upon his career offender status, defendant's total offense level under the guidelines for his armed bank robbery conviction was increased to 34. (Doc. No. 188.) The court assessed defendant's prior criminal history category to be VI, because he was determined to be a career offender. (*Id.*) As a result of defendant's total offense level and criminal history category, the advisory guideline range under the guidelines was 262 to 327 months of imprisonment. On June 2, 1995, the court sentenced defendant to a term of imprisonment of 262 months on the armed bank robbery charge and 60 months on the firearm charge, to be consecutively served. (Doc. No. 193.)

On June 9, 1995, defendant filed a notice of appeal of his conviction and sentence. (Doc. No. 195.) On March 13, 1996, the United States Court of Appeals for the Third Circuit affirmed

the judgment of the district court. (Doc. No. 238.)  *United States v. Price*, 76 F.3d 526, 530 (3d Cir. 1996).

On or about January 28, 2005, the clerk of court received defendant's motion to correct a miscarriage of justice. (Doc. No. 278.)  In the motion, defendant alleged that the district court improperly enhanced his sentence for armed bank robbery pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  This motion was characterized as falling under 28 U.S.C. § 2255 and was denied by this court on June 20, 2006, because it fell outside the one year statute of limitations period applicable to 28 U.S.C. § 2255 petitions.  (Doc. No. 290.)  *Price v. United States*, No. 05-106, 2006 WL 1709291, at **2-3 (W.D. Pa. June 20, 2006).

On November 28, 2008, defendant filed a motion for modification or reduction of sentence pursuant to Title 18 U.S.C. § 3582(c)(2) and section 4B1.1 of the Sentencing Guidelines. (Doc. No. 296.)  In this motion, defendant, relying upon an unspecified amendment to the guidelines, alleged that the district court erred in computing his criminal history.

On December 2, 2008, the court issued an order setting the briefing schedule with respect to defendant's motion for modification or reduction in sentence.  (Doc. No. 296.)  The court directed the government to file its response and brief in opposition on or before December 16, 2008.  On December 16, 2008, the government filed its response in opposition.  (Doc. No. 297.)  As amendment 709 is the only recent guideline amendment concerning criminal history, the government determined that amendment was the one at issue.  The government alleged that this court has no jurisdiction to alter the defendant's sentence since amendment 709 was not designated as having retroactive application.

On January 8, 2009, defendant filed a rebuttal to the government's response.  (Doc. No. 298.) While the argument is unclear, defendant specifically referenced amendment 709 and

argued that his sentence should be reduced pursuant to this amendment. Furthermore, defendant claimed that if amendment 709 does not have retroactive effect, he should nevertheless be granted relief because amendment 702 was designated as having retroactive application. Defendant argued that the application of amendment 702 should reduce the calculation of his advisory sentencing range under the Sentencing Guidelines.

On February 26, 2009, the government filed its response to defendant's rebuttal. (Doc. No. 301.) In its response, the government again argued that amendment 709 cannot reduce defendant's sentence because the reduction would not be consistent with the policy statement pertaining to retroactive application of amendments. Furthermore, the government argued that amendment 702 cannot provide defendant with relief as this amendment is not applicable to his situation. The court agrees that amendment 702 is not applicable here and that it lacks jurisdiction to reduce defendant's sentence under amendment 709.

### Standard of Review

Generally, a district court may not alter a criminal sentence of punishment once it has been imposed. *United States v. Wise*, 515 F.3d 207, 220 (3d Cir. 2008). If the defendant's sentence, however, was based upon a sentencing range under the United States Sentencing Guidelines that has been subsequently lowered, then the court may reduce the defendant's term of imprisonment, provided the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The applicable policy statement is found at section 1B1.10 of the Sentencing Guidelines. It provides that a reduction is warranted where the applicable guideline range has subsequently been lowered as the result of one of the guideline amendments listed in section 1B1.10(c). U.S. SENTENCING GUIDELINES MANUAL §

1B1.10.  If the sentencing range is not reduced by a listed amendment, then, under § 3582, the defendant is not eligible for a reduction in sentence.  Even if eligible for a reduction, § 3582(c)(2) does not provide for a "full de novo resentencing."  *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997).  The amended sentencing guideline provision is substituted for the corresponding provision, and all other guideline application decisions are not altered.  *Id.*

## *Discussion*

### I.  Sentencing Guidelines Amendments

Defendant contends that he is entitled to relief based upon amendment 709 and amendment 702 of the Sentencing Guidelines.  Defendant argues that the application of these amendments should lower his criminal history score and result in a reduction in his term of imprisonment.

### 1.  Amendment 709

Amendment 709 addresses the counting of multiple prior sentences in determining a defendant's criminal history score. Defendant specifically references language in amendment 709 which provides that prior sentences are to be counted as separate sentences unless the sentences "(1) were for offenses that were named in the same charging document, or (2) were imposed on the same day.  In either of these situations they are treated as a single sentence."  U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 709, Reason for Amendment.  Defendant contends that amendment 709 requires that the sentences for his September 10, 1986 and October 30, 1986 robbery convictions, imposed by the same judge on the same day, be counted as a single sentence.

Defendant argues that if his convictions are treated as a single sentence, his criminal history score would be reduced.  Section 4A1.1(a) instructs the court to "add 3 criminal history

points for each prior sentence of imprisonment exceeding one year and one month." U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(a).  Defendant argues he would have ten points based upon his prior criminal history, which would result in a lower criminal history category and a shorter advisory guideline range.

Additionally, defendant alleges that single sentence treatment could eliminate the application of career offender status.  If his two prior sentences are treated as one, defendant claims that he would no longer satisfy the "two prior felony convictions" requirement under section 4B1.2.  Section 4B1.2 requires that "the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions . . . and the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c)." U.S. SENTENCING GUIDELINES MANUAL § 4B1.2(c).  By failing to satisfy the definition of "two prior felony convictions," defendant alleges that he would no longer qualify for career offender status under section 4B1.1 and his sentence should be accordingly reduced.

Defendant's argument under amendment 709 fails because that amendment cannot be retroactively applied.  Section 3582(c)(2) allows a court to modify a previously imposed sentence when the Sentencing Commission lowers an advisory sentencing range that was used to determine the defendant's sentence, and a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Tirado*, No. 04-04, 2009 WL 250354, at *2 (W.D. Pa. Feb. 3, 2009) (citing *United States v. Wise*, 515 F. 3d 207, 221 (3d Cir. 2008)).  Under the applicable Sentencing Commission policy statement, a sentence reduction pursuant to § 3582(c)(2) is only authorized if the relied upon amendment is listed in section 1B1.10(c). *Tirado*, 2009 WL 250354 at *2.  Amendment 709 is not designated as having

retroactive application under subsection (c).  *Id*.  The Court of Appeals for the Third Circuit has explicitly held that amendment 709 may not be retroactively applied.  *See United States v. Wood*, 526 F.3d 82, 88 (3d Cir. 2008); *United States v. Hight*, 304 F. App'x 31, 33 (3d Cir. 2008); *United States v. Archer*, 282 F. App'x 164, 169 (3d Cir. 2008).  Therefore, this court lacks jurisdiction to reduce defendant's sentence.

Even if amendment 709 applied retroactively, defendant's argument would still fail.  In making his argument, defendant fails to read amendment 709 in its entirety.  The portion of amendment 709 that defendant relies upon is directly proceeded by language stating "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the second offense)."  U.S. SENTENCING GUIDELINES MANUAL app. C.  Only if there has been no intervening arrest will the court treat as a single sentence those sentences resulting from multiple offenses contained in the same charging instrument, or those sentences for multiple offenses that were imposed on the same day.  *Id.*; *see United States v. Bullard*, No. 00-85, 2008 WL 4899345, at **4-5 (E.D. Pa. Nov. 12, 2008) (explaining that offenses are separated by intervening arrests when "each subsequent offense occurred after the date of the respective prior arrest.").  The initial inquiry is whether the prior sentences were separated by an intervening arrest.  "If so, they are to be considered separately, counted separately, and no further inquiry is required."  U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 709, Reason for Amendment.  Defendant's two prior sentences cannot be treated as a single sentence because he was arrested on March 16, 1986 for his February 6, 1986 robbery offense, and was subsequently arrested on May 29, 1986 for the May 26, 1986 offense.

### 2. Amendment 702

Amendment 702 cannot provide defendant with relief. Defendant argues that application of amendment 702 would alter his criminal history calculation and status as a career offender, and consequently result in a reduction in his term of imprisonment. Defendant further claims entitlement to relief because the amendment has been authorized as having retroactive application under section 1B1.10(c) of the guidelines. Defendant's assertions are incorrect. Although amendment 702 has been authorized under section 1B1.10(c) to apply retroactively, this amendment merely corrects typographical errors in section 2B1.1 of the guidelines, which relates to theft and embezzlement, and section 2L1.1, which relates to the smuggling of illegal aliens. *Id.* As defendant was convicted of armed bank robbery and the use of a weapon during the commission of a felony, amendment 702 is not applicable and defendant is not entitled to relief.

### *Conclusion*

AND NOW, this 24th day of June, 2009, upon consideration of defendant's motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 296), the government's response in opposition to defendant's motion (Doc. No. 297), defendant's evidence (Doc. No. 298), and the government's response to defendant's evidence (Doc. No. 301), IT IS HEREBY ORDERED that defendant's motion is DENIED.

By the court:


/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Cc:     Counsel of Record

Thomas Price
Reg. No. 05324-068
Federal Correctional Institution
P.O. Box 6000
Florence, Co 81226-6000