IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| -vs- ) | |
| ) | Criminal No. 94-221 |
| THOMAS PRICE, ) | |
| Defendant. ) | |

MEMORANDUM ORDER

CONTI, District Judge.

Pending before the court is a petition for writ of audita querela (Docket No. 303) filed by defendant Thomas Price ("Price" or "defendant"). Upon reviewing defendant's petition, the government's response to the petition (Docket No. 304), and defendant's supplemental amended brief in opposition of the government's response (Docket No. 305), the court will DENY defendant's motion for the reasons set forth herein.

*Background*

On November 10, 1994, a federal grand jury returned an indictment charging Price with armed bank robbery, in violation of 18 U.S.C. § 2113(d), and the use of a firearm during the commission of a felony, in violation of 18 U.S.C. § 924(c). (Docket No. 52.) A jury trial was held and, on February 18, 1995, the jury returned a verdict of guilty with respect to both counts. (Docket No. 159.) On June 2, 1995, the court sentenced Price to a term of imprisonment of 262 months on the armed bank robbery charge and 60 months on the firearm charge, to be consecutively served. (Docket No. 193.)

On June 9, 1995, Price filed a notice of appeal of his conviction and sentence. (Docket No. 195.) On March 13, 1996, the United States Court of Appeals for the Third Circuit affirmed the judgment of the district court. (Docket No. 238.) United States v. Price, 76 F.3d 526, 530 (3d Cir. 1996).

On or about January 28, 2005, the clerk of court received defendant's motion to correct a miscarriage of justice. (Docket No. 278.) In the motion, defendant alleged that the district court improperly enhanced his sentence for armed bank robbery pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). This motion was characterized as falling under 28 U.S.C. § 2255 and was denied by this court on June 20, 2006, because it fell outside the one-year statute of limitations period applicable to 28 U.S.C. § 2255 petitions that is provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 et seq. (Docket No. 290.) Price v. United States, No. 05-106, 2006 WL 1709291, at **2-3 (W.D. Pa. June 20, 2006).

On November 28, 2008, defendant filed a motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and § 4B1.1 of the United States Sentencing Guidelines. (Docket No. 296.)   On June 24, 2009, the court issued a memorandum opinion denying the motion for modification or reduction. (Docket No. 302.) Price v. United States, No. 94-221, 2009 WL 1796428, at *4 (W.D. Pa. June 24, 2009).

On July 17, 2009, defendant filed the pending petition for writ of audita querela. (Docket No. 303.) On August 10, 2009, the government filed a response to the petition (Docket No. 304), and on October 9, 2009, defendant filed a supplemental amended brief in opposition of the government's response (Docket No. 305).

*Discussion*

In the petition, Price argues that he "is entitled to relief from the sentence imposed under the series of sentencing cases culminating in the Supreme Court's decision in [United States v. Booker, 543 U.S. 220 (2005)]." (Def.'s Petition (Docket No. 303) at 2.) He also argues the court erred in finding he was a career offender.

The writ of audita querela is a common law writ that was used to attack a judgment. Parties seeking to invoke a right to relief pursuant to a writ of audita querela acknowledge that the judgment was correct when it was rendered, but that the judgment later became incorrect as a result of matters arising after it issued. See United States v. Coleman, 162 F. App'x 163, 165 n.1 (3d Cir. 2006) (citing Doe v. Immigration & Naturalization Serv., 120 F.3d 200, 203 n. 4 (9th Cir. 1997)).

The writ of audita querela has been abolished in civil cases. FED. R. CIV. P. 60(e). The writ is available, however, in criminal cases based upon the All Writs Act, 28 U.S.C. § 1651. That act "'is a residual source of authority to issue writs that are not otherwise covered by statute.'" Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). The writ of audita querela is available to "the extent that it fills in gaps in the current system of post-conviction relief." Massey, 581 F.3d at 174 (citing United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). "'Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Massey, 581 F.3d at 174 (quoting Pa. Bureau of Corr., 474 U.S. at 43).

A motion to vacate a sentence pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his sentence. Massey, 581 F.3d at 174; Okereke v. United States, 307 F.3d 117 (3d Cir. 2002). Defendant previously filed a § 2255 motion with this court.

The motion was unsuccessful. Petitioner, therefore, is unable to attack the validity of his sentence by way of a writ of audita querela. In Massey, the Court of Appeals for the Third Circuit held that:

> A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence . . . . [A defendant] may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the [AEDPA] for filing a second or successive § 2255 motion to vacate sentence.

Massey, 581 F.3d at 174. Accordingly, defendant is not entitled to post-conviction relief by way of a writ of audita querela.

*Conclusion*

AND NOW, this 25th day of March, 2010, upon consideration of defendant's petition for writ of audita querela (Docket No. 303), the government's response to defendant's petition (Docket No. 304), and defendant's supplemental amended brief in opposition to the government's response (Docket No. 305), IT IS HEREBY ORDERED that defendant's petition is DENIED.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

Cc: Counsel of Record

Thomas Price
Reg. No. 05324-068
Federal Correctional Institution
P.O. Box 6000
Florence, Co 81226-6000